UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT REEDER                                    CIVIL ACTION

VERSUS                                           NO. 18-6604

T. RODRIGUEZ ET AL.                              SECTION "B" (2)

## REPORT AND RECOMMENDATION

Plaintiff Robert Reeder was a prisoner incarcerated in the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana, at the time he filed this lawsuit. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Correctional Officer T. Rodriguez and JPCC.

Reeder's full allegations are as follows:

> On 5-31-18, upon receiving my Ramadan tray I noticed I didn't get my juice and I asked Dept. Rodriguez to call the Kitchen for my juice. He opened up the door of the pod and grabbed his penis and sais "the only thing your (sic) going to get to drink is my dick." Minutes later D. Johnson came to give Rodriguez a break and [Rodriguez] told Johnson not to let offender Reeder suck your dick for juice. And I asked what Rodriguez said and Johnson stated that Rodriguez said "don't let Reeder suck your dick for juice."
> This demonstrates sexual harassment, sexual assault, sexual misconduct, cruel and unusual punishment, verbal abuse, malfeasance and violation of my United States and Louisiana constitutional rights.

Record Doc. No.1 at p. 7 (Attachment to ¶ IV of Complaint). Reeder seeks a preliminary injunction, transfer from JPCC, criminal prosecution of Rodriguez, $200,000 in damages and payment of his medical fees, court costs, and filing fees. Id. at p. 5, ¶ V.

Although the court provided Reeder with an opportunity to expand upon and explain his claims, Record Doc. No. 4, he has failed to do so.  Mail directed to Reeder at JPCC recently has been returned to the court as undeliverable.  Record Doc. Nos. 9 and 10.  However, Reeder has <u>not</u> advised the court that he has been released, as directed in Record Doc. No. 1 at p. 5, ¶ VI(2), or that his address has changed, as required by Local Rules 11.1 and 41.3.1.

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it also has been filed in forma pauperis.  28 U.S.C. § 1915A(a); <u>Thompson v. Hicks</u>, 213 F. App'x 939, 942 (11th Cir. 2007); <u>Lewis v. Estes</u>, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); <u>Shakur v. Selsky</u>, 391 F.3d 106, 112 (2d Cir. 2004); <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998);  <u>Lewis v. Sec'y, DOC</u>, No. 2:10-CV-547-FTM-29, 2013 WL 5288989, at *2 (M.D. Fla. Sept. 19, 2013), <u>aff'd</u>, 589 F. App'x 950 (11th Cir. 2014).  After review in the screening process, the court must "identify cognizable claims or dismiss the complaint" if it or portions of it are frivolous or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1); <u>Lewis</u>, 589 F. App'x at 952; <u>Thompson</u>, 213 F. App'x at 942; <u>Shakur</u>, 391 F.3d at 113; <u>Carr v. Dvorin</u>, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994)

(quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269.  A prisoner's in forma pauperis complaint that fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's verbal and sexual harassment claims against defendants must be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous, because his claims lack an arguable basis in law, or under Rule 12(b)(6).

Crude, unprofessional, or harassing remarks, even verbal threats by prison staff to an inmate, do not rise to the level of a constitutional violation.  <u>Field v. Corr. Corp.</u>, 364 F. App'x 927, 930 (5th Cir. 2010) (citing <u>Robertson v. Plano City</u>, 70 F.3d 21, 24 (5th Cir. 1995)); <u>Matthews v. Graham</u>, 235 F.3d 1339, 2000 WL 1672660, at *1 (5th Cir. 2000) (citing <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir. 1983)); <u>see</u> <u>Brand v. Hamilton</u>, No. 3:10CV377 LAC MD, 2010 WL 4955400 (N.D. Fla. Dec. 1, 2010) (pretrial detainee's claim that officer verbally threatened him with physical assault not cognizable under Section 1983) (citing <u>McFadden</u>, 713 F.2d at 146; <u>Evans v. City of Zebulon</u>, 351 F.3d 485, 495-96 (11th Cir. 2003), <u>vacated</u>, 364 F.3d 1298 (11th Cir. 2004), <u>rehearing en banc granted on other grounds sub nom.</u> <u>Evans v. Stephens</u>, 407 F.3d 1272 (11th Cir. 2005); <u>Bender v. Brumley</u>, 1 F.3d 271, 274 (5th Cir. 1993)) (additional citations omitted).

In <u>Robertson</u>, the Fifth Circuit noted that "in the Eighth Amendment context, 'mere threatening language or gestures of a custodial officer do not, even if true, amount to constitutional violations.'" <u>Robertson</u>, 70 F.3d at 24 (citation omitted); <u>accord</u> <u>Watson v. Winborn</u>, No. 02-10984, 67 F. App'x 241, 241 (5th Cir. 2003); <u>Calhoun v. Hargrove</u>, 312 F.3d 730, 734 (5th Cir. 2002).  "Claims of hurt feelings, humiliation, and other heartfelt, yet objectively trivial indignities, are not of Constitutional moment . . . ." <u>Jackson v. Liberty Cty.</u>, 960 F. Supp. 360, 363 (E.D. Tex. 1994).  "Verbal harassment and abusive language, while unprofessional and inexcusable, are simply not sufficient

to state a constitutional claim under 42 U.S.C. § 1983."  Slagel v. Shell Oil Ref., 811 F. Supp. 378, 382 (C.D. Ill. 1993), aff'd, 23 F.3d 410 (7th Cir. 1994) (quotation and citation omitted).   In this case, Reeder's allegations of verbal abuse by Custodial Officer Rodriguez do not rise to the level of a constitutional violation.

As to sexual harassment or assault, the Fifth Circuit has recognized that "sexual assaults against inmates by prison guards without lasting physical injury may be actionable under the Eighth Amendment as acts which are offensive to human dignity." Copeland v. Nunan, 250 F.3d 743, 2001 WL 274738, at *2 (5th Cir. 2001) (quotation omitted) (citing Hudson, 503 U.S. at 9-10; Whitley, 475 U.S. at 327; Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000)).   However, in Copeland, the Fifth Circuit held that an inmate can recover damages for such an assault

> only if [the officer's] conduct was "repugnant to the conscience of mankind."  While violent sexual assaults involving more than de minimis force are actionable under the Eighth Amendment, isolated, unwanted touchings by prison employees, though "despicable and, if true, they may potentially be the basis of state tort actions . . . they do not involve a harm of federal constitutional proportions as defined by the Supreme Court."

Id. at *3 (emphasis added) (quoting Hudson, 503 U.S. at 10; Boddie v. Schneider, 105 F.3d 857, 860-61 (2d Cir. 1997)) (citing Schwenk, 204 F.3d at 1195, 1997).

In this case, Reeder's factual allegations do not involve touching of any kind and fall far short of the sexual assault standard set out in Copeland.   Rodriguez's verbal conduct, as alleged by Reeder, while abusive and unprofessional, is not constitutionally

cognizable as a Section 1983 cause of action in this context.  <u>Copeland</u>, 2001 WL 274738, at *3; <u>see</u> <u>Brown v. Sloan</u>, No. 1:09-cv-01066, 2010 WL 476720, at *2 (W.D. La. Feb. 10, 2010) (citing <u>Copeland</u>, 2001 WL 274738 at *3) (quoting <u>Boddie</u>, 105 F.3d at 861) (plaintiff's sexual harassment/assault claim that corrections officer fondled him while conducting a shakedown failed to state an Eighth Amendment claim when plaintiff did not allege any physical injury).  "This single incident is not severe enough to be objectively sufficiently serious or egregious to state a constitutional violation. . . . [S]uch conduct does 'not involve a harm of federal constitutional proportions as defined by" the Supreme Court.); <u>accord</u> <u>McGill v. Corrs. Corp.</u>, No. 08-CV-0923, 2009 WL 790363, at *5 (W.D. La. Mar. 25, 2009) (citing <u>Copeland</u>, 2001 WL 274738, at *2); <u>Washington v. City of Shreveport</u>, No. 03-2057, 2006 WL 1778756, at *5-6 (W.D. La. June 26, 2006) (citing <u>Berryhill v. Schriro</u>, 137 F.3d 1073, 1076 (8th Cir. 1998); <u>Boddie</u>, 105 F.3d at 861; <u>Copeland</u>, 2001 WL 274738, at *2; <u>Buckley v. Dallas Cty.</u>, No. 397-CV-1649BC, 2000 WL 502845, at *5 (N.D. Tex. Apr. 27, 2000)).

For all of the foregoing reasons, the actions of Rodriguez, as described by plaintiff, do not rise to the level of a constitutional violation, and no cognizable Section 1983 claim arises from these facts.

In addition, Reeder has named JPCC as a defendant.  A prison or jail are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not "persons" for purposes of suit

under Section 1983, as the statute and case law define that term.  Cage v. Kent County Corr. Facility, 113 F.3d 1234, 1997 WL 225647, at *1 (6th Cir. 1997); Johnson v. LCDC Med. Staff, No. 4:09-cv-13, 2009 WL 1256906, at *2 (E.D. Tenn. Apr. 29, 2009); Holifield v. Mobile County Sheriff's Dep't, No. 07-0321-CG-C, 2008 WL 2246961, at *5 (S.D. Ala. May 29, 2008); Cullen v. DuPage County, No. 99C1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Corr. Facility Admin., No. 97CIV0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); Sponsler v. Berks County Prison, No. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. 1995); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing

28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this _____27th_____ day of September, 2018.

_____

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.